IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PERTZSCH DESIGN, INC.,

                                      OPINION and ORDER

           Plaintiff,

                                        08-cv-538-bbc

    v.

GUNDERSEN LUTHERAN
HEALTH SYSTEM, INC.,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Pertzsch Design, Inc., a Wisconsin corporation, brought this action against defendant Gundersen Lutheran Health System, another Wisconsin corporation, for copyright infringement under 17 U.S.C. § 501, breach of contract, promissory estoppel and unjust enrichment under common law. Jurisdiction is present. 28 U.S.C. §§ 1331 and 1367.

      The case is before the court on defendant's motion for summary judgment. Defendant denies any infringement of plaintiff's copyright, contending that it had an implied nonexclusive license from plaintiff to use the copyrighted material, or in the alternative, the elements of the materials used by defendant are not protected under

1

copyright law. Because the undisputed facts show that plaintiff granted defendant an implicit nonexclusive license to use plaintiff's copyrighted material, I will grant defendant's motion for summary judgment on the copyright infringement claim. Plaintiff has withdrawn its claims for breach of contract and unjust enrichment and asserts only promissory estoppel as a state law claim. Because plaintiff has failed to show that defendant promised it a five-year contract, as plaintiff alleges, and because even if defendant had made such a promise, plaintiff has not shown that defendant should reasonably have expected such a promise to induce action by plaintiff, I will grant defendant's motion for summary judgment on this claim as well.

From the parties' proposed findings of fact and the record, I find that the following facts are material and undisputed. In those instances in which proposed findings of fact and responses constitute legal conclusions or are argumentative, I have ignored them.

UNDISPUTED FACTS

Plaintiff Pertzch Design, Inc. is a Wisconsin corporation with its principal place of business in La Crosse, Wisconsin. Its business is interior design services. Defendant Gundersen Lutheran Health System is also a Wisconsin corporation with its principal place of business in Wisconsin, although it has a network of hospitals and health-care clinics in Wisconsin, Minnesota and Iowa.

In June 2006, defendant released a document entitled "Request for Proposal: La Crosse Clinic Public Space Interior Design Master Plan" and invited certain interior designers to submit a proposal for the development of a framework for the public spaces within the clinic. The objective of the request was set forth as follows:

> The princip[al] output of this process is the framework for design and finish of all public spaces in the La Crosse Clinic. The plan will be implemented over the course of multiple clinical projects and be delivered in conjunction with the work of independently contracted A/E consultants.

Defendant asked designers responding to the request to provide their billing method and hourly rates, as well as a maximum professional fee necessary for the proposed scope of work, which was the development of a "Clinic Public Space Interior Design Master Plan." The request said nothing about requiring the services of an interior designer for five years and nothing about the length of time for which defendant would be using the designer's services.

Plaintiff was one of three interior design firms responding to defendant's request. On June 29, 2006, plaintiff submitted a document called "La Crosse Clinic Public Space Interior Design Master Plan Proposal."

Plaintiff's proposal set forth qualifications, professional fees and expenses, examples of prior work and letters of reference. As to billing, plaintiff said it preferred a "Lump Sum Fee," based on an hourly rate for plaintiff's design and planning services as specified by the description of the design services. Plaintiff identified an estimate for these fees for each

3

public space in the clinic and specified an approximate price range for each floor. It said nothing about a five-year agreement or a time frame for the services. In July 2006, defendant informed plaintiff it had been selected to develop the framework for the design and finish of the public spaces in the clinic.

Sometime in August, plaintiff's president, Kathryn Pertzsch-Cottrell, emailed an unidentified recipient that plaintiff had "secured a five-year contract to remodel the downtown La Crosse clinic." In the same month, Pertzsch-Cottrell informed defendant's construction manager by email that plaintiff was moving into new office space. Plaintiff incurred expenses acquiring new space, new employees, new furniture and new computers. Plaintiff never informed defendant that it had to acquire the new space, items or employees in order to work on the project. Defendant was not aware that plaintiff needed to expand its business or incur any additional costs to participate in defendant's framework project.

On August 9, 2006, plaintiff submitted a $41,000 proposal to implement a portion of the framework relating to the fourth floor of the defendant's clinic. A purchase order was created for this proposal; it was later reduced but plaintiff was paid in full for the work it completed.

On August 30, 2006, plaintiff submitted a contract development proposal to defendant. The proposal set forth the project purpose as follows:

Develop the interior design framework of the Public Space Interior Design

4

> Master Plan for the La Crosse Clinic based on a single vision for all floors with variations on [plaintiff's] Fourth Floor Elevator Lobby Concept for each. Develop the interior design framework of the Public Space Interior Design Master Plan for the Hospital based on a single vision for all floors with variations on each.

The proposal listed an amount of $15,400 as the "Contract Development Scope of Services Fee." Plaintiff arrived at that amount from the hourly rates in creating the framework. It did not base the price on the cost of a license to use the framework. Defendant issued a purchase order on September 27, 2006 and paid plaintiff that amount in full on or about October 13, 2006. The framework was set forth in a Project Manual, titled the "Gundersen Lutheran Clinic & Hospital Framework," prepared by plaintiff for defendant on or about November 21, 2006.

From August 2006 to March 2007, plaintiff submitted a number of project proposals to defendant. For each project, defendant issued plaintiff a separate purchase order. The parties had no written contracts for these projects other than the purchase orders. Plaintiff worked on approximately 5-6 total projects with defendant, using the palettes and materials specified in the Project Manual.

After plaintiff stopped providing design services for defendant, it applied for a certificate of registration of copyright on the Project Manual, with an effective date of January 18, 2008. The publication date is specified as November 21, 2006. The work is registered as a work made for hire.

5

When plaintiff first delivered the Project Manual, it never told defendant that further use of the manual would constitute copyright infringement.  Plaintiff never had any discussions with anyone at defendant suggesting that defendant would have to obtain a license to use the material in the Project Manual or that it would be charged a license fee to do so.  Plaintiff's Project Manual does not contain any provision prohibiting defendant from using the materials and color combinations set forth therein unless plaintiff is hired to execute those plans.  On November 26, 2007, plaintiff informed defendant that plaintiff "has not authorized defendant to use any materials, concepts and designs which have been created by [plaintiff], aside from those projects directly covered by a Purchase Order in the name of plaintiff."


OPINION

Plaintiff is pursuing two claims, a federal one of copyright infringement and a state claim of promissory estoppel.  To establish its first claim, it must prove ownership of a valid copyright and copying of constituent elements of the work that are original.  JCW Investments, Inc. v. Novelty, Inc., 482 F.3d 910, 914 (7th Cir. 2007).  Defendant contends that the majority of the Project Manual is not protected from copyright protection by the terms of the Certificate of Registration, which excludes paint colors, textile patterns, furniture, artwork and related individual interior design materials.  However, I need not

6

address this contention because it is evident from the undisputed facts that plaintiff granted defendant a nonexclusive license to use the manual.

Under the law of copyright, a "nonexclusive license many be granted orally or may even be implied from conduct." I.A.E., Inc. v. Shaver, 74 F.3d 768, 775 (7th Cir. 1996) (summary judgment for defendant upheld because plaintiff's conduct implied grant of nonexclusive license to use architectural drawings and designs). In I.A.E., the court held that a nonexclusive license is granted when (1) the creation of a work is requested by the licensee; (2) the licensor creates and delivers that particular work to the licensee; and (3) the licensor intends that the licensee will copy and distribute the work. It is undisputed that the first two parts of this test are satisfied in this case. The only issue is what use plaintiff intended defendant to make of the Project Manual when it was delivered.

In determining in the I.A.E. case whether the defendant had given plaintiffs an implied nonexclusive license, the Court of Appeals for the Seventh Circuit considered the language of the copyright registration certificate, the agreement between the parties, deposition testimony and the "delivery of the copyrighted material without warning that its further use would constitute copyright infringement." I.A.E., 74 F.3d at 776 (citing Effects Associates, Inc. v. Cohen, 908 F.2d 555, 559 n.6 (9th Cir. 1990)). In I.A.E., the certificate of registration listed the purpose of the copyrighted designs as being an airport facility for the Gary Regional Airport. In this case, the copyright registration lists the work as

7

"Gundersen Lutheran Clinic & Hospital Interior Plan" and states that it is a work made for hire. This language indicates that defendant prepared the work intending for defendant to use it. Pertzsch-Cottrell, plaintiff's president, has testified that plaintiff produced the manual for defendant, with the intent that defendant would use it.

In I.A.E., the architect's contract with the purchaser of his services did not guarantee a future role in the project for which the preliminary plans were prepared and said nothing about a reservation of copyright. Plaintiff's August 30, 2006 proposal and defendant's subsequent purchase order constituted an agreement for an "interior design framework . . . used to develop a Master Plan." Neither the proposal nor the purchase order made any mention of reservation of copyright by plaintiff; neither said who would implement the framework or what the time frame was for completion of the project. With no reservation of any ownership rights in creative work associated with the framework, the August 30 proposal implies that plaintiff intended defendant to use the work it solicited.

Plaintiff delivered the Project Manual to defendant on November 21, 2006, without warning defendant about a copyright on the manual or limitations on its use by defendant. It was not until more than a year later, on November 26, 2007, that plaintiff wrote defendant to inform it of the conditions for its use of the manual.

Despite the legal arguments in defendant's favor, plaintiff maintains that it never intended to grant a nonexclusive license to defendant. Plaintiff cites the three-factor test set

8

out by the Court of Appeals for the Fourth Circuit in <u>Nelson-Salabes, Inc. v. Morningside Development, LLC</u>, 284 F.3d 505, 516 (4th Cir. 2002):

> (1) whether the parties were engaged in a short-term discrete transaction as opposed to an ongoing relationship; (2) whether the creator utilized written contracts, such as the standard AIA contract, providing that copyrighted materials could only be used with the creator's involvement; and (3) whether the creator's conduct during the creation or delivery of the copyrighted material indicated that use of the material without the creator's involvement or consent was permissible.

This test does not help plaintiff. Even if a jury could find that the parties anticipated a long-term relationship (despite lack of any provision for ongoing services in the request for services and the absence of any contract between the parties other than purchase orders), it could not find that plaintiff had utilized any written contracts providing that the manual could be used only with plaintiff's involvement. Moreover, plaintiff's conduct during creation and delivery of the manual implied that use by defendant without plaintiff's involvement was permissible. At the time of creation and delivery, plaintiff said nothing to defendant about its continued involvement in the project; it reserved no rights for the manual in the August 30 proposal it submitted; it had no other contracts with defendant relating to the use of the manual; and it has offered no evidence of discussions with defendant regarding any restrictions on the manual's use before November 26, 2007.

Plaintiff's reliance on cases from other circuits is not persuasive. In each of the cases

9

plaintiff cites, the copyright holder had expressly reserved its rights to the materials created before the creation and delivery of the materials. Atkins v. Fischer, 331 F.3d 988, 990 (D.C. Cir. 2003); Nelson-Salabes, 284 F.3d 505; Johnson v. Jones, 148 F.3d 494 (6th Cir. 1998).

Plaintiff argues that Atkins is analogous because the court found in that case that the plaintiff's acceptance of a small initial payment in alleged anticipation of royalty payments created a factual question of her intent to allow use. Plaintiff contends that in its case, the amount of the August 30 proposal was low because plaintiff anticipated a five-year contract, but its contention is unsupported by factual evidence. Plaintiff has adduced no evidence of what a reasonable license fee would be for the Project Manual or similar works or why its expectation of a five-year contract was reasonable.

Because the evidence shows that the Project Manual was prepared for and delivered to defendant, as a work for hire, without any expression of reserved rights at the time it was delivered and used by defendant, I conclude that no reasonable jury could find that plaintiff did not intend to grant defendant a nonexclusive license to use the manual. Therefore, I will grant defendant's motion for summary judgment on plaintiff's claim of copyright infringement. Because I find that defendant had the right to use the copyrighted material, it is unnecessary to decide whether the elements claimed to be infringed are subject to protection under copyright law.

This resolution of the copyright infringement claim leaves only plaintiff's state law

claim based on promissory estoppel. Although I could decline to exercise supplemental jurisdiction over this claim under 28 U.S.C. § 1367(c)(3), the issue is not a complex one and it does not involve any novel issues of state law. Leaving it undecided would mean that the parties would face the possibility of additional litigation.

The elements of a promissory estoppel claim are (1) the promisor makes a promise that it should reasonably expect would induce action or forbearance of a definite and substantial nature on the part of the promisee; (2) the promisor must induce such action and forbearance; and (3) injustice can be avoided only by enforcement of the promise. Hoffman v. Red Owl Stores, Inc., 26 Wis. 2d 683, 698, 133 N.W.2d 267, 275 (1967); Restatement, Contracts, § 90, at 110 ("A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action of forbearance is binding if injustice can be avoided only by enforcement of the promise.")

Although Pertzsch-Cottrell might have believed that she had a five-year contract, as she wrote in her August 2006 email, plaintiff cannot show that defendant promised her such a contract. No reasonable jury could find that defendant would have reasonably expected that its statements about the length of time required for the total remodeling would have led Pertzsch-Cottrell to believe that defendant had promised plaintiff it would be doing all the work for the remodeling.

In an effort to prove the reasonableness of her belief that it had been promised a contract for the full five years of defendant's remodeling project, plaintiff submitted a portion of Pertzsch-Cottrell's deposition in which she testified that the basis of her belief was "When we attended the kickoff meeting, I believe it's in the RFP, I forget the date, we were told at the meeting by Paul Sims [defendant's construction manager] that this was a five-year commitment, that the framework to be set up would be rolled out over renovating both—just the clinic at that time." Pertzsch-Cottrell Dep., dkt. #19, 182, ln. 19-183, ln. 4. Defendant denies that its employees made a promise at the kickoff meeting or at any time that the designer selected for the framework design would be the designer that did all the remodeling. In support of its position, defendant points out that plaintiff was the only designer that responded to the RFP that included a lump sum, five floor proposal. If Pertzsch-Cottrell meant to testify that the five-year promise was included in the RFP, she is wrong. Nothing in the RFP says anything about seeking a designer to do all of the remodeling work or sets out any time frame for completion of the remodeling work. Request for Proposal, Exh. 1, Gendreau Aff., dkt. #18.

The Restatement says that a promise is "a manifestation of intent by the promisor to be bound, and is to be judged by an objective standard." Restatement (Second) of Contracts, § 2, cmt. b. Plaintiff has not adduced any evidence that an objective person would have believed that its selection as the design firm to provide the framework for the

12

clinic meant that it would do all the design work for the entire remodeling project. This dooms her claim. A party opposing summary judgment may not rest on its allegations; rather, it must come forward with specific facts that would support a jury's verdict in its favor. Van Diest Supply Co. v. Shelby County State Bank, 425 F.3d 437, 439 (7th Cir. 2005).

Even if a jury could find that defendant had made a promise to plaintiff, no jury could find that defendant should reasonably have expected its promise to induce plaintiff to enlarge her office, add equipment and hire new employees in reliance on the work to be done for defendant. Although this is an element of its claim that plaintiff would have to prove at trial, it has adduced no evidence that defendant knew the size of plaintiff's office or realized that plaintiff would have to make investments in equipment and staff to do the clinic design work. It is undisputed that Pertzsch-Cottrell wrote defendant's construction manager to tell him plaintiff was moving into new office space, but her doing so would not have led him to realize that this action would not have occurred but for defendant's alleged promise to hire plaintiff for five years of design work in the clinic.

In Hoffman, 26 Wis. 2d 683, 133 N.W.2d 267, Red Owl Stores (the promisor) gave the Hoffmans (the promisees) specific instructions to sell the fixtures and inventory of their store, obtain an option on a lot in another city and sell their bakery business and the business in which it was housed. This is in stark contrast to plaintiff's situation, in which

13

it made its own decision to enlarge its business, without any suggestion or direction by defendant to do so.

I conclude that no reasonable jury could find that defendant made a promise to plaintiff that defendant should reasonably have expected would induce plaintiff to expand its office, staff and equipment. Therefore, defendant's motion for summary judgment will be granted on plaintiff's state law claim of promissory estoppel.

ORDER

IT IS ORDERED that

1. Defendant Gundersen Lutheran Health System's motion for summary judgment on plaintiff Pertzsch Design's claims of copyright infringement, breach of contract, unjust enrichment and promissory estoppel, dkt. #14, is GRANTED.

2. The clerk of court is directed to enter judgment in defendant's favor and close this case.

Entered this 20th day of August, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

14